STATE, EX REL., RELATOR, *v.* HAINES, ACTING DIRECTOR OF MENTAL HYGIENE AND CORRECTION, STATE OF OHIO, ET AL., RESPONDENTS.

Ohio Appeals, Tenth District, Franklin County.

No. 5968.   Decided August 12, 1958.

*Mr. Jas. Slater Gibson,* for relator.
*Mr. William Saxbe,* attorney general, and *Mr. Walter M. Shea,* assistant attorney general, for respondents.

BRYANT, J.   This is an action begun in this court by Edith B. Johnson, relator herein, by the filing of a petition for writ of mandamus on June 9, 1958. Named as defendants were Dr. R. A. Haines, Acting Director of Mental Hygiene and Correction, Dr. Robert C. Anderson, Acting Commissioner of Mental

Hygiene, Dr. Joseph M. Garland, Acting Superintendent of the Toledo State Hospital, together with Leland S. Dougan, Chairman, and Carl W. Smith, member, of the State Civil Service Commission.

The prayer of the petition is as follows:

"WHEREFORE, relator prays that an alternative writ of mandamus issue forthwith to respondents hereinabove named, requiring respondent The State Civil Service Commission of Ohio to certify to respondents Haines, Anderson and Garland, relator's name, that being the only name on the eligible list for the position of Clerk Stenographer IV—State Hospitals and Institutions on February 1, 1958; that said alternative writ further requires respondents Haines, Anderson and Garland to appoint relator to the aforesaid position and to recognize relator as the holder of said position of Clerk Stenographer IV—State Hospitals and Institutions at the Toledo State Hospital; that respondents be required to enter relator on their records as the holder of said position, and to afford her all the privileges, emoluments and benefits as the holder of said position. Relator further prays that said alternative writ be made peremptory and that she may have and recover of respondents her costs herein expended and such other and further relief as is lawful."

With the petition was filed a motion for the allowance of an alternative writ of mandamus and an entry allowing said alternative writ was approved by one member of this court, Charles R. Petree, Presiding Judge, and was filed on the said June 9, 1958.

The returns of the Sheriff show the following service: June 11, 1958, service on said Dr. Anderson by serving his secretary; June 12, 1958, personal service on said Dr. Garland, and June 13, 1958, personal service on said Dr. Haines.

On July 11, 1958, said respondents filed a document entitled "Suggestion of Death of Relator and Abatement of Case," which reads as follows:

"Now comes the respondents herein and suggests to the court the death of relator herein on June 22, 1958, and the abatement of the cause of action herein."

It is possible, perhaps even probable, that the proceedings are at an end and this document may be, in effect, an applica-

tion or motion to dismiss. It is not accompanied by any brief, affidavit, memorandum or statement of any kind by counsel for relator except a hand-written notation that on "July 9, 1958 copy mailed to attorney for relator." We have not received anything in writing from the said relator's attorney, and have no way of learning his views on the subject.

As this proceeding is not one for libel, slander, malicious prosecution, for a nuisance or in any way involving a judge of a county court, Section 2311.21, Revised Code, is pertinent and provides as follows:

"Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party."

See also Section 2305.21, Revised Code, providing as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

See also 1 Ohio Jurisprudence (2d), 49, Abatement, Survival and Revival, Section 31, providing in part as follows:

"In its present form the survival statute in broad general terms declares that in addition to the causes which survive at common-law causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive. The abatement statute on the other hand provides: 'Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace (now, judge of a county court) for misconduct in office . . . .' The latter statute does not in terms limit its application by a proviso 'if the cause of action survives' as do most abatement statutes; and there has been much discussion of the question whether it should be construed to apply only to causes which would survive in the event no action had been commenced before the death of

the party in favor of or against whom the cause of action existed, or should embrace all actions commenced within the lifetime of the deceased party." (Material in parenthesis added.)

As before stated, no affidavit or other supporting matter or brief or memorandum were filed with the said "Suggestion of Death of Relator and Abatement of Case" referred to above.

Hence, it is that the provisions of Rule III, Paragraph 1, are applicable. This paragraph so far as pertinent provides:

"* * * Applications, motions and demurrers shall be accompanied by briefs, and opposite parties shall file answering briefs within ten (10) days thereafter."

In the absence of any evidence to support the motion, we are compelled, therefore, to strike this document from the files for noncompliance with this rule.

PETREE, P. J., and MILLER, J., concur.